FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2007 AUG 29 P 12: 41
CLERK C Adams
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

JACOB W. MCCAULEY, )
)
Plaintiff, )
)
v. ) CV 107-072
)
STATE OF GEORGIA, et al., )
)
Defendants. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Jacob W. McCauley, an inmate incarcerated at McDuffie County Detention Center ("the Jail") in Thomson, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis*, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.[1]

Accordingly, on June 6, 2007, the Court reviewed Plaintiff's complaint in conformity

---

[1] Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he has no means by which to pay an initial fee; thus, the Court will proceed to screen Plaintiff's complaint even though he is unable to pay any initial partial filing fee. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff signed, he remains liable for the full $350.00 filing fee.

with the *in forma pauperis* statute. Because of pleading deficiencies, Plaintiff was directed to file an amended complaint. (Doc. no. 6). Plaintiff has since submitted two amended complaints, on June 14 and 29, 2007, respectively. (Doc. nos. 7 and 8). The Court will now screen the June 14 amended complaint, as Plaintiff's June 29 amended complaint was filed in direct contravention of the Court's June 6, 2007 Order that instructed Plaintiff to submit only one amended complaint. (Doc. no. 6, p. 4).

## I. BACKGROUND

According to Plaintiff, he has been incarcerated at the Jail for over three hundred days and has yet to be indicted. (Doc. no. 7, p. 12). Plaintiff further alleges that upon being booked into the Jail, inmates are not referred to a medical examiner for any screening, including screening for diseases such as tuberculosis or HIV, and inmates are not segregated to prevent the spread of these diseases. (Id.). Plaintiff also asserts that Thursdays are the only days on which medical staff is available to inmates, and he finds this unacceptable. (Id.). Furthermore, Plaintiff, a diabetic, states that he is not receiving his medication as needed. (Id.). Plaintiff also contends that mail received by inmates is being opened and read by Jail officials. (Id.). Finally, Plaintiff states that inmates have no way of "getting in touch" with staff at night, as inmates are locked down in their rooms and there is no on call system. (Id.).

## II. DISCUSSION

In his June 14, 2007 amended complaint, Plaintiff named 1) McDuffie County, 2) the City of Thomson, Georgia, 3) the Honorable Roger Dunaway, Chief Judge, McDuffie County Superior Court, 4) Sheriff Logan Marshall, and 5) the State of Georgia, as Defendants. In

the Order directing Plaintiff to amend his complaint, the Court warned Plaintiff that his amended complaint would supersede his previously filed complaint. (Doc. no. 6, p. 3 (citing Malowney v. Federal Collection Deposit Group, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999); King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994)). The Court also specifically instructed Plaintiff that he must name all of the defendants in the caption and the body of the amended complaint. (Id. at 3-4). Upon review of the amended complaint, the Court finds that Plaintiff no longer names the Jail as a party to the lawsuit, and therefore, the Court recommends that the McDuffie County Detention Center be **DISMISSED** from this lawsuit.

Further, Plaintiff was warned that it is improper to list Defendants without naming specific individuals whose actions allegedly violated Plaintiff's constitutional rights. (Doc. no. 6, p. 4). However, in his amended complaint, Plaintiff listed the State of Georgia, the City of Thomson, Georgia, and McDuffie County, without naming specific individuals within these entities who may have violated his rights. Simply naming these entities, without more, fails to state a claim upon which relief can be granted. See Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001) (noting that a plaintiff must show that he or she was deprived of a federal right by *a person acting under color of state law* in order to prevail on a civil rights action under § 1983 (emphasis added). Therefore, the Court recommends that these three Defendants be **DISMISSED** from this case.[2]

---

[2]Moreover, the State of Georgia is immune from suit in this federal action because "[t]he Eleventh Amendment insulates a state from suit brought by individuals in federal court unless the state either consents to suit or waives its Eleventh Amendment immunity." Stevens v. Gay, 864 F.2d 113, 114 (11th Cir. 1989) (footnote omitted, citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984)). Arms or agencies of the state are also immune from suit. Alabama v. Pugh, 438 U.S. 781, 782 (1978) (*per curiam*) ("There can be no doubt, however, that suit against the State and its Board of Corrections is barred

In his amended complaint, Plaintiff also listed Judge Dunaway as a Defendant. The only actions Plaintiff attributes to Judge Dunaway are that he declared Plaintiff indigent and that he heard Plaintiff's complaint "but did nothing about it." (Doc. no. 7, p. 12). Even if the Court were to consider the merits of Plaintiff's claims, Judge Dunaway would be entitled to absolute immunity. It is well-settled that judicial officers are entitled to absolute immunity from suit for actions taken that are within their jurisdictional power to perform. Stump v. Sparkman, 435 U.S. 349, 356-57 (1979) (stating that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction'" (footnote omitted)). Thus, the Court must determine whether Judge Dunaway was dealing with Plaintiff in a judicial capacity and whether the Judge's conduct clearly fell outside his subject matter jurisdiction. See id. at 359-64.

As the complaint makes no allegation that Judge Dunaway acted in the "clear absence of all jurisdiction," id. at 357, the Court must consider whether Judge Dunaway's actions were of the type normally performed by judges. Patterson v. Aiken, 628 F. Supp. 1068, 1072 (N.D. Ga. 1985), aff'd, 784 F.2d 403 (11th Cir. 1986) (Table). Here, Plaintiff's complaints against Judge Dunaway appear to concern the judge's action or inaction as it relates to ruling on pre-trial motions and Plaintiff's complaint, activities of a type usually performed by judges. As such, Judge Dunaway is entitled to absolute immunity, and Plaintiff's claims

---

by the Eleventh Amendment, unless [Georgia] has consented to the filing of such a suit."); Edelman v. Jordan, 415 U.S. 651, 663 (1974). Lastly, there is no mention of how any policy of the City of Thomson or McDuffie County may have violated any of Plaintiff's rights.

against him are subject to dismissal.

Lastly in his amended complaint, Plaintiff also listed Sheriff Marshall as a Defendant. However, Plaintiff does not provide any allegations concerning Sheriff Marshall, let alone explain how Sheriff Marshall allegedly violated his constitutional rights. To the extent that Plaintiff is attempting to hold Sheriff Marshall liable on the basis of his supervisory authority, "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n.58 (1978). To hold a supervisory official or an employer liable, Plaintiff must demonstrate that either (1) the supervisor/employer actually participated in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor/employer and the alleged constitutional violation. Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). As noted, Plaintiff has not alleged that Sheriff Marshall participated in any of the events raised in Plaintiff's complaint.

Similarly, Plaintiff fails to allege a "causal connection" between Sheriff Marshall and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (*per curiam*) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse[3] puts the responsible supervisor [or employer] on notice of the need to

---

[3] The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated

5

correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's [or employer's] improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Here, again, Plaintiff fails to proffer any allegations regarding Sheriff Marshall, let alone any suggestion that he knew about any widespread abuse or that he was responsible for a custom or policy which resulted in any constitutional violation to Plaintiff. In sum, Plaintiff has failed to state a claim against Sheriff Marshall based on his supervisory authority. The Court therefore recommends that Sheriff Marshall be **DISMISSED** from this case.

### III. CONCLUSION

As Plaintiff has failed to state a claim upon which relief can be granted, the Court **REPORTS** and **RECOMMENDS** that the complaint be **DISMISSED** and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 29th day of August, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

occurrences." Brown, 906 F.2d at 671 (emphasis added).